FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 02 2015

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**JEFFREY AKINS**                                                    **PLAINTIFF**

**V.**                          CASE NO. *4:15cv119-BRW*

**CAVALRY SPV I, LLC, ALLEN**                              **DEFENDANTS**
**&WITHROW, and LORI WITHROW, COLTON**
**GREGORY, GARY J. BARRETT and JOHN AND**
**JANE DOES 1-100 INDIVIDUALLY**

This case assigned to District Judge *Wilson*

**COMPLAINT**   and to Magistrate Judge *Young*

Comes now the Plaintiff, Jeffrey Akins, by and through his counsel, Leigh Law PLLC, and for

its Complaint, states:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged

consumer debt, via an action filed by the named Defendants in the District Court of Faulkner County,

Arkansas, captioned, Cavalry SPV I, LLC v. Jeffrey Akins, Case Number CW-CV-14-436.

Jeffrey Akins brings this Complaint against: Cavalry SPV I, LLC., Allen & Withrow, and Lori

Withrow, Colton Gregory, Gary Barrett, and John and Jane Does 1-100 individually, seeking

statutory, actual, and punitive damages, as well as attorney fees and costs, for violations of the *Fair*

*Debt Collection Practices Act (hereafter "FDCPA") § 15 U.S.C. 1692 et seq[1]., Arkansas Fair Debt*

*Collection Practices Act (hereafter "AFDCPA") § 17-24-101 et seq., Arkansas Deceptive Trade*

*Practices Act (hereafter "ADTPA") A.C.A. §§ 4-88-101 through 4-88-115, Racketeer Influenced*

---

[1] "The Fair Debt Collection Practices Act is an extraordinarily broad statute. Congress addressed what it considered to
be a widespread problem, and to remedy that problem it crafted a broad statute." Frey v. Gangwish, 970 F.2d 1516,
1521 (6th Cir. 1992); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (Section
1692e "is broadly written."). Courts thus "apply the Act broadly according to its terms." Bridge, 681 F.3d at 362.

*and Corrupt Organizations Act (hereafter "RICO") 18 U.S.C. 1961 et seq.*, and for malicious prosecution, fraud, abuse of process, and breach of contract.

## JURISDICTION AND VENUE

1. Jurisdiction in conferred on this Court pursuant to *15 U.S.C. § 1692k(d), 18 U.S.C 1964(c), 18 U.S.C. § 1965(a)*, and *28 U.S.C. § 1331.*

2. As Plaintiff's state claims are related to Plaintiff's federal claims, and Plaintiff's state claims are inextricably entwined and arise out of a common nucleus of related facts, form part of the same controversy under Article III of the United States Constitution, are not complex or novel and are straightforward, this Court has supplemental jurisdiction to hear and adjudicate Plaintiff's state claims against the Defendant pursuant to *28 U.S.C. § 1367.*

3. Venue in this Court is proper, as all alleged conduct took place while the Plaintiff was residing in Faulkner County, Arkansas.

## PARTIES

4. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (3).

5. Jeffrey Akins (Hereinafter "Akins") is a natural person residing in Faulkner County Arkansas, and was a "consumer" at all times as alleged in this Complaint, in so far as "consumer" is defined pursuant to *15 U.S.C. § 1692(a)(3)* and *A.C.A. § 17-24-502(2).*[2]

6. Cavalry SPV I, LLC, (Hereinafter "Cavalry"), with a primary place of business located at 500 Summit Lake Drive, Suite 400, Valhalla, New York, was acting as a "debt collector," in so far as debt collector is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A).*[3]

---

[2] A "consumer" means any natural person obligated or allegedly obligated to pay any debt. *15 U.S.C. § 1692(a)(3) & A.C.A. § 17-24-502(2).*

[3] A "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *15 U.S.C. §1692a(6) & A.C.A. § 17-24-502(5)(A).*

7.   Allen & Withrow, with a primary place of business located at 12410 Cantrell Road, Little Rock, Arkansas, is a law firm and a "debt collector," in so far as debt collector is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A)*.

8.   Lori Withrow (Hereinafter "Withrow") is a "debt collector," in so far as debt collector is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A)*, who regularly engages in consumer-debt-collection activity.

9.   Colton Gregory (Hereinafter "Gregory") is a "debt collector," in so far as debt collector is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A)*, who regularly engages in consumer-debt-collection activity.

10.   Gary Barrett (Hereinafter "Barrett") is a "debt collector," in so far as debt collector is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A)*, who regularly engages in consumer-debt-collection activity.

11.   John and Jane Does 1-100 are expected to be employees of Allen & Withrow, and Calvary, who are "debt collectors," in so far as debt collector is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A)*,[4] who will be discovered during the discovery phase of this action,[5] and who regularly engage in consumer-debt-collection activity.

---

[4] All Defendants were attempting to collect a "debt," from Akins, in so far as "debt" is defined pursuant to *15 U.S.C. 1692(a)*, which defines debt as, "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

[5] An employee cannot escape liability under the FDCPA merely by following established office procedures with no intent to violate the FDCPA. FTC Statements of General Policy or Interpretation Staff Commentary on the FDCPA, *53 Fed. Reg. 50097, 50109 (Dec. 13, 1988)*. See also, Musso v. Seiders, 194 F.R.D. 43, 46 (D. Conn. 1999); Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 356 (D. Mass. 2008); Krapf v. Prof'l Collection Servs., Inc., 525 F. Supp. 2d 324, 327 (E.D.N.Y. 2007); White v. Goodman, 200 F.3d 1016, 1019 (7th Cir. 2000); Petit v. Retrieval Masters Creditors Burueau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000).

## RELEVANT PRECEDENT AND STATUTORY STRUCTURE
## OF THE FDCPA AND THE AFDCPA

12.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (11).

13.   The FDCPA is a strict liability statute which covers both intentional and unintentional violations. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).

14.   Whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer. Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001)(quoting, Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000).

15.   The actual taking of an action is a threat to take further action, e.g., filing a lawsuit is a threat to obtain a judgment. Royal Financial Group, LLC v. Perkins, ED 98991, 2013 WL 4419343 (Mo. App. Aug. 20, 2013).

16.   The FDCPA applies to attorneys who 'regularly' engage in consumer-debt-collection activity. Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

17.   The bona fide error defense is limited to clerical errors. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001).

18.   The "bona fide error" defense does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA, No. 08-1200, 130 S. Ct. 1605; 176 L Ed. 2D 519; 2010 U.S. Lexis 3480; (April 21, 2010).

19.   A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. *15 U.S.C. § 1692e & A.C.A. § 17-24-506(a).*

20.   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. *15 U.S.C. § 1692f & A.C.A. § 17-24-507(a).*

21.   Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for actual damages. *15 U.S.C. § 1692k(a)(1) & A.C.A. § 17-24-512(a)(1).*

22.   Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for statutory damages up to $1,000.00. *15 U.S.C. 1692k(a)(2) & A.C.A. § 17-24-512(a)(2)(A).*

23.   In the case of a successful action to enforce the foregoing liability, a debt collector is liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. *15 U.S.C. §1692k(a)(3) & A.C.A. § 17-24-512(a)(2)(A).*

## RELEVANT PRECEDENT AND STATUTORY STRUCTURE OF THE ADTPA

24.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (23).

25.   Engaging in any unconscionable, false or deceptive act or practice in business, commerce or trade violates the ADTPA. *A.C.A. § 4-88-107(a)(10).*

26.   A violation of the FDCPA is a *per se* violation of the ADTPA.

27.   Any person who suffers actual damage or injury as a result of an offense or violation under the ADTPA, has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees. *A.C.A. § 4-88-113(f).*

## FACTS

28.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (27).

29.   On the date of May 8, 2014, Cavalry, through its attorney, Allen and Withrow, filed a Complaint against Akins, in the District Court of Faulkner County, Arkansas, captioned, Cavalry

SPV I, LLC v. Jeffrey C. Akins, Case No. CWCV-14-436 (*See, Exhibit "A" attached hereto and Incorporated by reference*).[6]

30.   On the date of August 7, 2014, Akins was served.

31.   On the date of September 4, 2014, Akins retained the services of Leigh Law PLLC.

32.   On the date of September 4, 2014, Leigh Law PLLC, answered the Complaint, and also filed a Motion to Dismiss.

33.   Paragraph 8 of Akins' Answer pled, "Defendant reserves the right to exercise, elect, and/or initiate any private contractual arbitration clause, electing JAMS[7] as the forum of choice, that may be discovered during the discovery phase of this case" (*See, Exhibit "B" attached hereto and incorporated by reference*).

34.   Akins' Motion to Dismiss was based on the fact that Cavalry, through its attorney, had failed to comply with Arkansas Rule of Civil Procedure 10(d), which requires, "A copy of any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading in which such claim or defense is averred unless good cause for its absence in such pleading."

35.   Cavalry failed to attach to its Complaint a copy of the written instrument on which Cavalry's claim was based, and Calvary failed to plead good cause for its absence.

36.   On or about September 16, 2014, Cavalry filed its response to Akins' Motion to Dismiss, admitting it did not attach the written instrument to its Complaint, but asserted there was

---

[6] The suit alleged that Akins defaulted on a credit card account, which Cavalry allegedly purchased from the original creditor; therefore Akins was indebted to Cavalry. Cavalry, on their behalf, employed the services of Allen and Withrow to sue Akins.

[7] JAMS, founded in 1979, is the largest private alternative dispute resolution (ADR) provider in the world.

no prejudice to Akins, if it [Cavalry] later provided the written instrument (*See, Exhibit "C1-C2" attached hereto and incorporated by reference*).

37.    On or about September 30, 2014, Cavalry, through its attorneys, served Akins with Requests for Admissions. These requests did not comply with ARCP 36, which requires "copies of documents shall be served with the requests for admission unless they have been or are otherwise furnished or made available for inspection or copying" (*See, Exhibit "D1-D5" attached hereto and incorporated by reference*).   At the time these requests were propounded, Cavalry had still not provided the written instrument on which it based its entire Request for Admissions.

38.    On the date of October 2, 2014, Akins responded to Cavalry's Requests for Admissions with objections based on Cavalry's violation of Rule 36 (*See, Exhibit "D1-D5"*)

39.    On or about December 1, 2014, Cavalry, through its attorneys Allen & Withrow, Lori Withrow, Colton Gregory, and Gary Barrett filed a Motion for Summary Judgment.

40.    On the date of December 11, 2014, Akins responded to Cavalry's Motion for Summary Judgment.

41.    On the date of December 19, 2014, Cavalry, through its attorneys, sent a letter to Akins, through his attorney Leigh Law PLLC., advising it would be moving the Court, pursuant to *Ark. Code Ann § 16-46-1108*, to "admit relevant documents," and if Leigh Law wanted copies of the relevant documents, they would only be sent to Leigh Law, if Leigh Law paid a fee to Cavalry to obtain those documents (*See, Exhibit "E" attached hereto and incorporated by reference*).

42.    On the date of December 30, 2014, Cavalry withdrew its Motion for Summary Judgment.

43.    On the date of January 6, 2015, Cavalry, through its attorneys, Allen and Withrow sent a letter to Akins's counsel, advising that Akins's response to Cavalry's Request for Admissions were

not proper, and threatened to file a Motion to Compel, including asking for attorney fees, if Akins did not properly respond to Cavalry's Request for Admissions within two weeks.

44.    Along with this letter of January 6, 2015, Cavalry disclosed the written instrument (contract) on which they based their Complaint and which was required to make Calvary's Requests for Admissions proper.

45.    On the date of January 21, 2014, Cavalry, through its attorneys, Allen & Withrow, filed its Motion to Compel and sought an award of attorney fees and costs against Akins.

46.    Akins responded to Cavalry's motion with a Motion to Compel Arbitration, arguing the action filed by Cavalry should have never been filed in the Faulkner County District Court and Cavalry was breaching its own contract with Akins.

47.    Akins, with his Motion to Compel Arbitration, made a demand through Cavalry's attorneys to forward the filing fee and initial arbitration costs to Leigh Law, PLLC, so Akins could arbitrate Cavalry's claims, per the terms of Cavalry's contract.

48.    Cavalry, even after being served with Akins' Motion to Compel Arbitration, refused to dismiss its action or remove the action to arbitration on its own, as its own contract dictates.

49.    Due to Cavalry and its attorneys refusing to dismiss the case and instead moving forward with its improper Motion to Compel, they caused an Order to be entered against Akins, granting Cavalry's Motion to Compel (*See, Exhibit "F" attached hereto and incorporated by reference*) prior to the Court ruling on Akin's Motion to Compel Arbitration.[8]

50.    On or about the date of February 23, 2015, the Faulkner County District Court removed the action Cavalry filed from its docket, effectively granting Akins Motion to Compel Arbitration.

---

[8] The District Court of Conway has now stayed Cavalry's action and its Order to Compel, however, it took aggressive action on the part of Leigh Law, as Cavalry refuses to comply with its own contract.

51.     As of the date of the filing of this federal complaint, Cavalry and its attorneys have continued to refuse to dismiss their action in the Faulkner County District Court and have refused to arbitrate their claims per Calvary's own contract, causing Akins to continue to incur legal fees to defend against Cavalry's action in two different venues.

52.     Cavalry's contract is an adhesion contract.[9]

53.     Cavalry's own adhesion contract contains a mandatory arbitration clause (*See, Exhibit "G1-G2" attached hereto and incorporated by reference*), that states the following:

> "Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or **assigns of the other** [emphasis added], arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration and Litigation section or the validity of the entire Agreement or any prior Agreement, **shall be resolved by binding arbitration** [emphasis added].

> ...The National Arbitration Forum ("NAF") shall be used, unless the NAF is unable or unwilling to act as arbitrator, and if NAF is not available we may substitute another nationally recognized, independent arbitration organization that uses a similar code of procedure"

> ..."At your written request, *we will* advance any arbitration filling fee, administrative and hearing fees which you are required to pay to pursue a Claim in arbitration."

> ..."This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA")."

> ...This Arbitration and Litigation Section shall survive the termination of your account with us as well as any voluntary payment of the debt in full by you, any bankruptcy by you **or sale of debt by us** [emphasis added].

---

[9] A contract of adhesion is a form contract submitted by one party and accepted by the other on the basis of 'this or nothing.' It is an instrument devised by skilled legal talent for mass and standard-industrywide use which does not allow for idiosyncrasy. It is a transaction not negotiated but one which literally adheres for want of choice. Plant v. Wilbur, 345 Ark. 487, 47 S.W.3d 889 (2001)(citing, Haines v. St. Charles Speedway, Inc., 874 F.2d 572, 574-75 (8th Cir. 1989)(quoting Estrin Constr. Co. v. Aetna Casualty and Sur. Co., 612 S.W.2d 413, 418 n. 3 (Mo.App. 1981) (emphasis original) and Spychalski v. MFA Life Ins. Co., 620 S.W.2d 388 (Mo.App. 1981).

54.    In addition, in all uppercase font, the arbitration clause states,

"The result of this Arbitration Agreement is that, except as provided above,[10] **claims cannot be litigated in court**" [emphasis added]

*(See, Exhibit "H" attached hereto and incorporated by reference).*

55.    Calvary's contract designates that Delaware law, not Arkansas law, governs its contract *(See, Exhibit "I" attached hereto and incorporated by reference).*

56.    Delaware imposes a three year statute of limitations to bring suit on a credit card.[11]

57.    Akins last payment on this account was February 16, 2011 *(See, Exhibit "J" attached hereto and incorporated by reference).*

58.    Defendants' conduct caused Akins to suffer anxiety, fear, nausea, headaches, worry, emotional distress, and anger.

## COUNT 1: VIOLATIONS OF THE FDCPA

59.    Plaintiff incorporates by reference and re-alleges paragraphs (1) through (58).

60.    Defendants violated the FDCPA, specifically, 15 U.S.C. § 1692e, in the following ways:

(a) Using deception to conceal its own mandatory arbitration agreement, and its violation of the same, for over four months.

(b) Misleading the District Court of Faulkner County, and Akins, that the Defendant's action was brought in the proper venue.

(c) Pleading falsely that the District Court of Faulkner County, Arkansas had jurisdiction when the Defendant's own contract stripped that Court, or any Court, of Jurisdiction.

---

[10] The only way the *mandatory arbitration clause* is void is if the Defendant rejected the clause in writing, which the Defendant did not do.

[11] *Del. Code Ann. Tit. 10, § 8101 et. seq.*

(d) Using deceptive and false statements that the alleged debt was within the applicable statute of limitations, when in fact the three year Delaware statute had expired over two months *before* suit was filed.

61.   Defendants Withrow, Gregory, and Barrett violated the FDCPA, specifically, *15 U.S.C. § 1692f,* as it is unfair and unconscionable, as licensed attorneys at law, to pursue Akins in the wrong venue, wrong jurisdiction, and to file and sign pleadings in a Court when their own contract that forbids judicial action.

62.   Defendants Withrow, Gregory, and Barrett further violated the FDCPA, specifically, *15 U.S.C. § 1692f,* by filing a Motion to Compel Akins to answer discovery that was improperly brought and to seek an award of its attorney fees in bringing its improper motion.

63.   Defendants violated the FDCPA, specifically, *15 U.S.C. §§ 1692f, 1692e,* by suing Akins on a debt which was past the statute of limitations.[12]

64.   Defendants violated the FDCPA, specifically, *15 U.S.C. §§ 1692e, 1692f,* by refusing to arbitrate their claims, even after being put on notice that Akins elected arbitration.[13]

---

[12] "In the absence of a threat of litigation **or actual litigation**, [emphasis added] no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Freyermuth v. Credit Bureau Services 248 F.3d 767 (8th Cir. 2001)

"Time-barred lawsuits are, absent tolling, unjust and unfair as a matter of public policy, and this is no less true in the consumer context." *Kimber* rejected the defendant's argument that the statute of limitations was an affirmative defense that had to be raised and found the conduct both deceptive under Section 1692e and unfair/unconscionable under Section 1692f. Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1488 (M.D. Ala. 1987).

Statutes of limitation reflect a legislative judgment that failing to put a defendant on notice to defend against a suit within a specified period is "unjust." United States v. Kubrick, 444 U.S. 111, 117 (1979). This is because "the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" Id. (quoting R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342, 349 (1944)). Threats to sue (and actual lawsuits) misrepresent the legal status of time-barred debt—violating 15 U.S.C. § 1692e(2)(A)—by implying that the collector "can legally prevail" in a lawsuit. E.g., Kimber, 668 F. Supp. at 1488.

"Most consumers do not understand their legal rights with respect to time-barred debts." McMahon v. LVNV Funding, LLC, 2014 U.S. App. LEXIS 4592, *29 (7th Cir. Mar. 11, 2014).

[13] Akins was under no obligation to demand arbitration, as Defendants' own contract required mandatory arbitration of all disputes.

65.   Defendants violated the FDCPA, specifically, *15 U.S.C. §§ 1692f,* by causing Akins to incur attorney fees and costs to defend a lawsuit which should never have been filed against him in a judicial context.

## COUNT 2: VIOLATIONS OF THE AFDCPA[14]

66.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (65).

67.   Defendants violated the AFDCPA, specifically, *A.C.A. §§ 17-24-507(a), 17-24-506(a),* as all of the violations complained of in paragraphs (50) through (58) are *per se* violations of the AFDCPA.

## COUNT 3: VIOLATIONS OF THE ADTPA

68.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (67).

69.   Defendants violated the ADTPA, specifically, *A.C.A. § 4-88-107(a)(10),* as the Defendants' violations of the FDCPA, the AFDCPA, RICO, and breach of contract are  violations of the ADTPA.

## COUNT 4: VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT[15]

70.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (69).

71.   Defendants violated the civil RICO Act, specifically, *18 U.S.C. § 1692(c)*, as Defendant Withrow operates and manages the enterprise, Allen & Withrow,[16] which enterprise carried out a pattern of racketeering and conspiracy against Akins, and then committed actual fraud against Akins

---

[14] The AFDCPA is state la0w, which language mirrors that of the FDCPA.

[15] RICO is to be broadly construed in order to accomplish its purposes. Racketeer Influenced and Corrupt Organizations, *Pub. L. No. 91-452, § 904, 84 Stat. 947 (1970).*

[16] 18 U.S.C. § 1961 (1982) provides in part: "person" includes any individual or entity capable of holding a legal or beneficial interest in property; "enterprise" includes any individual, partnership, corporation, association, or other legal entity.

with a continuous series of racketeering activity, via the Courts of the State of Arkansas, as opposed

to arbitration, targeting Akins.[17]

## COUNT 5: FRAUD/MISREPRENSTATION

72.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (71).

73.   The conduct of the Defendants, as complained of in the preceding paragraphs, makes

the Defendants guilty of fraud.

74.   The material fact of jurisdiction was falsely represented.

75.   Defendants knew the contract required all disputes be resolved by arbitration and not

in the judicial forum.

75.   Defendants intended for Akins to rely on their assertion to the District Court that

jurisdiction and venue was proper in the District Court.

76.   Akins did rely on Defendants' assertions, and suffered actual and emotional damages.

## COUNT 6: ABUSE OF PROCESS

77.   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (76).

78.   The conduct of the Defendants, makes the Defendants guilty of abuse of process.

79.   Plaintiff, in his first responsive pleadings, put the Defendants on notice that he was

invoking arbitration.

80.   Defendants concealed its mandatory arbitration agreement.

81.   Defendants served improper discovery on the Plaintiff.

82.   Defendants failed to attach to its discovery the documents which Defendants were

asking Plaintiff to admit or deny in violation of Arkansas Rule of Civil Procedure 36.

---

[17] A pattern of racketeering is expressly defined to mean only two (2) RICO "predicate acts" during any given 10-year period. 18 U.S.C. 1961(5).

83. Defendants filed an improper motion for summary judgment against Plaintiff, and then withdrew its motion as soon as Plaintiff aggressively defended against same.

84. Defendants filed a motion that it would be using documents against the Plaintiff that Plaintiff's counsel must pay a fee to Defendants to receive same.

85. Defendants have refused to dismiss their action and their Motion to Compel, continuing its abuse of process against the Plaintiff for over five months.

86. At this time the Defendants have still not dismissed its Complaint or submitted to arbitration in compliance with its own contract.

## COUNT 7: MALICIOUS PROSECUTION

87. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (86).

88. Defendants have aggressively prosecuted this case, even when being made aware their conduct and prosecution is illegal and in violation of their own contract.

89. Defendants have refused to dismiss their Complaint in the District Court, maliciously causing the Plaintiff to continue to incur attorney's fees and other costs.

## COUNT 8: BREACH OF CONTRACT[18]

90. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (89).

91. Plaintiff and Defendant entered into a written contract.

92. Part of the contract required that all disputes shall be resolved by arbitration and specifically held that an action in a court of law was not permitted.

93. Defendants brought its dispute against Plaintiff as an action in a court of law, violating the contract.

---

[18] The essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. Barnes, 349 Ark. 411, 78 S.W.3d 714; Showmethemoney, 342 Ark. 112, 27 S.W.3d 361; Foundation Telecom., Inc. v. Moe Studio, Inc., 341 Ark. 231, 16 S.W.3d 531 (2000).

94.    The conduct of the Defendants as a judicial action, breaching the contract.

## DAMAGES AND PRAYER FOR RELIEF

95.    Plaintiff incorporates by reference and re-alleges paragraphs (1) though (94).

96.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *15 U.S.C. 1692k(a)(2),* against Defendant Cavalry.

97.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *15 U.S.C. 1692k(a)(2),* against Defendant Southern, Allen & Withrow.

98.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *15 U.S.C. 1692k(a)(2),* against Defendant Lori Withrow.

99.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *15 U.S.C. 1692k(a)(2),* against Defendant Colton Gregory.

100.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *15 U.S.C. 1692k(a)(2),* against Defendant Gary Barrett.

101.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *A.C.A. § 17-24-512(a)(2)(A),* against Defendant Cavalry.

102.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *A.C.A. § 17-24-512(a)(2)(A),* against Defendant Southern Allen & Withrow.

103.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *A.C.A. § 17-24-512(a)(2)(A),* against Defendant Lori Withrow.

104.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *A.C.A. § 17-24-512(a)(2)(A),* against Defendant Colton Gregory.

105.    Akins prays for statutory damages in the amount of $1,000.00, pursuant to *A.C.A. § 17-24-512(a)(2)(A),* against Defendant Gary Barrett.

106.    Akins prays for the actual damage of emotional distress, in an amount determined at trial, pursuant to *15 U.S.C. § 1692k(a)(1) & A.C.A. § 17-24-512(a)(1),* against all Defendants,' joint and severally.

107.    Akins prays for his attorneys fees in having to defend against the action in Faulkner County, Arkansas, in an amount determined by the Court, depending on the nature of the Defendants' defense and the time and expense Akins incurs, against all Defendants,' joint and severally.

108.    Akins prays for his attorney fees and costs, pursuant to *A.C.A. § 16-22-308.,*[19] against all Defendants, joint and severally.

109.    Akins prays for his attorney fees and costs, pursuant to *15 U.S.C. §1692k(a)(3) & A.C.A. § 17-24-512(a)(2)(A),* against all Defendants, joint and severally.

110.    Akins prays for damages for breach of contract, fraud, malicious prosecution, and RICO violations, in an amount determined at trial, against all Defendants, joint and severally.

111.    Akins prays that all damages be trebled, pursuant to RICO, due to the element of fraud on the part of the Defendants,[20] joint and severally.

---

[19] *A.C.A. § 16-22-308-* In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court.

[20] "[A]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." *18 U.S.C. § 1964(c) (1983).*

The provision for treble damages is accordingly justified by the expected benefit of suppressing racketeering activity, an object pursued the sooner the better. <u>Rotella v. Wood et al.,</u> 528 U.S. 549 (2000).

"A civil RICO plaintiff need not allege any prior criminal conviction and may establish a case by a preponderance of the evidence." <u>Farmers Bank v. Bell Mortgage Corp.</u>, 452 F. Supp. 1278, 1280 (D. Del. 1978); <u>Heinold Commodities, Inc. v. McCarty,</u> 513 F. Supp. 311, 313 (N.D. Ill. 1979).

112.    Akins prays for all other damages that he may be entitled, against all Defendants, joint and severally.

## DEMAND FOR JURY TRIAL

113.    Plaintiff incorporates by reference and re-alleges paragraphs (1) though (112).

114.    Plaintiff demands a trial by jury.

Respectfully Submitted:

Victoria Leigh (2011257)
Attorney for the Plaintiff
P.O. Box 21514
Little Rock, AR 72221
(501) 227-7627
V@leigh-law.com

# AFFIDAVIT OF CLAIM

ARK.      )
          )SS
ASYCHESTER )

V I, LLC

Filed in District Court
Faulkner County

5-8-01 P      , D.

2:21 pm

vs.

JEFFREY C AKINS

I, Debra Morello, being duly sworn on oath, depose and say:

1. I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

2. I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

3. That the defendant, JEFFREY C AKINS,  the account holder(s), opened an account with FIA Card Services, NA / MLB on 11/15/2005, which account became delinquent and was charged off on 06/30/2011 (the "Account").

4. As of 02/20/2014, the principal balance due and owing by the account holder(s) on the account was $1,376.43. The account holder(s) have been credited for all payments, set-offs or other credits duty.

5. That the Account was purchased by Cavalry SPV I, LLC on or about 03/28/2013 .

6. In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence.  I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and if called as a witness, I could testify to the matters set forth herein based on that review.

7. In connection with the purchase of the account, Cavalry SPV I, LLC received copies of electronic business records from FIA Card Services, NA / MLB, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format.

8. Upon information and belief, no Defendant is an infant or incompetent or an active member of the United States Armed Forces who would be entitled to stay relief.

9. Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Subscribed and sworn to before me on 03/11/2014

_____
Legal Administrator

_____
Notary Public, State of New York

Alen and Wallace
1347 Cn

Eddy Martinez
Notary Public - State of New York
No. 01MA6268852
Qualified in Westchester County
Commission Expires August 27, 2016

14.989

EXHIBIT A


## IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS
## CONWAY DIVISION

CAVALRY SPV I, LLC.                                                        PLAINTIFF

V.                                    CASE NO. CWCV-14-436

JEFFREY C. AKINS                                                          DEFENDANT

## ANSWER

Comes the Defendant, Jeffrey Akins, by and through his attorney, Leigh Law LLC., and for its

Answer to the Complaint of the Plaintiff, and states:

1. Defendant denies the allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint.

7. Defendant states that any allegation contained in Plaintiff's Complaint and not specifically

admitted herein is deemed denied.

8. Defendant reserves the right to exercise, elect, and/or initiate any private contractual

arbitration clause, electing JAMS as the forum of choice, that may be discovered during the

discovery phase of this case.

9. Pleading affirmatively, Defendant pleads any and all defenses which may be applicable

pursuant to Ark. R. Civ. P. Rule 8(c), including, but not limited to, statute of limitations and

Plaintiff not being a real party of interest that lacks standing in this action.

10. Defendant reserves the right to amend its answer, plead further, join parties, and

counterclaim for violations of the Fair Debt Collections Practices Act § 15 U.S.C. 1692 et seq,

*B*

# IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS

CAVALRY SPV I, LLC                                 PLAINTIFF

V.                   CASE NO. CWCV-14-436

JEFFREY C AKINS                              DEFENDANT

## RESPONSE TO MOTION TO DISMISS

Comes now the Plaintiff, by and through counsel, and for its Response to Motion to Dismiss, states:

1.     Plaintiff generally and specifically denies each and every allegation contained in the Defendant's Motion to Dismiss unless specifically admitted herein.

2.     Plaintiff generally and specifically denies the allegations in the paragraph of Defendant's Brief in Support of Motion to Dismiss regarding Rule 10(d). Plaintiff requests additional time to request the necessary document and amend the Complaint. As per *Gemini Capital Group, LLC v. Kenneth Dean McFarland,*2014 Ark. App. 83 (2014), there is no surprise to Defendant by amending the complaint to a suit on a credit card account to attach the cardmember agreement on that account. In addition, the amended complaint relates back to the filing of the original complaint. *Id.* In *Gemini,* it was shown that the complaint itself can be amended liberally to attach the cardmember agreement after Complaint is filed.

WHEREFORE, Plaintiff prays that the Court deny the relief sought in Defendant's Motion to Dismiss, grant reasonable attorney's fees in having to respond to the Defendant's Motion to Dismiss and award the Plaintiff all other just and proper relief.

That pursuant to Ark. R. Civ. P. 78, Plaintiff waives its right to a hearing on this Motion and requests the Court rule on the pleadings once the time for response has passed.



EXHIBIT 1

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Lori Withrow (98069)
Colton Gregory (2013181)

EXHIBIT C 2

# IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS
## CONWAY DIVISION

CAVALRY SPV I, LLC                                                     PLAINTIFF

V.                              CASE NO. CW-CV-14-436

JEFFREY AKINS                                                         DEFENDANT

## RESPONSE FOR ADMISSIONS TO DEFENDANT JEFFREY AKINS

Comes now the Defendant, Jeffrey Akins, by and through his attorney, Leigh Law PLLC.,

and its response to requests for admissions and states:

**REQUEST FOR ADMISSION NO. 1:**      Admit that Defendant is a resident of Faulkner,

County, Arkansas:

**RESPONSE TO ADMISSION NO. 1:**      Admit

**REQUEST FOR ADMISSION NO. 2:**      Admit that Defendant purchased certain items

and charged same on the charge account which is the subject matter of this lawsuit:

**RESPONSE TO ADMISSION NO. 2:**      Objection: as to "the charge account" as being

vague, overly broad, and assuming facts not in evidence of an "underlying account," as the Plaintiff

has failed to comply with the mandatory pleading requirements of ARCP 10(b),[1] that requires a

copy of any written instrument or document upon which a claim or defense is based be attached

as an exhibit to the Complaint. Furthermore,  Plaintiff did not comply with ARCP 36, which states

that copies of documents shall be served with the request for admission unless they have been or

are otherwise furnished or made available for inspection or copying.   Without waiving said

objections, the Defendant denies that he charged certain items on a Cavalry SPV I, LLC charge

account.

---

[1] On September 4, 2014, the Defendant filed a motion to dismiss the Plaintiff's Complaint.   As of the date of this
response to request for admissions, the Court has not ruled on the Defendant's motion.



**REQUEST FOR ADMISSION NO. 3:**     Admit that the amount past due on said account, which has not been paid, and has been owed by the Defendant for a period of time is $1,376.43.

**RESPONSE TO ADMISSION NO. 3:**     Objection: as to "said account" as being vague, overly broad, and assuming facts not in evidence of a "said account," as the Plaintiff has failed to comply with the mandatory pleading requirements of ARCP 10(b) that requires a copy of any written instrument or document upon which a claim or defense is based be attached as an exhibit to the Complaint. Furthermore, Plaintiff did not comply with ARCP 36, which states that copies of documents shall be served with the request for admission unless they have been or are otherwise furnished or made available for inspection or copying.     Without waiving said objections, the Defendant denies he is past due on any account with Cavalry SPV I, LLC for any period of time and for any dollar amount.

**REQUEST FOR ADMISSION NO. 4:**     Admit that monthly statements/bills in regard to this account were sent to and received by Defendant.

**RESPONSE TO ADMISSION NO. 4:**     Objection, calls for speculation in asking the Defendant to admit or deny that monthly statements were sent by a third party that Defendant has no affiliation with. Further objecting as to "this account," as being vague, overly broad, and assuming facts not in evidence of an "account," as the Plaintiff has failed to comply with the mandatory pleading requirements of ARCP 10(b) that requires a copy of any written instrument or document upon which a claim or defense is based be attached as an exhibit to the Complaint. Furthermore, Plaintiff did not comply with ARCP 36, which states that copies of documents shall be served with the request for admission unless they have been or are otherwise furnished or made available for inspection or copying.     Without waiving said objections, the Defendant denies that he received any monthly statements/bills from Cavalry SPV I, LLC.

EXHIBIT D 2

**REQUEST FOR ADMISSION NO. 5:**   Admit that the Defendant never notified Plaintiff or the original creditor in writing of any dispute in regard to this account (balance).

**RESPONSE TO ADMISSION NO. 5:**   Objection as to "original creditor" and "this account," as being vague, overly broad, and assuming facts not in evidence of an "original creditor" or an "account," as the Plaintiff has failed to comply with the mandatory pleading requirements of ARCP 10(b) that requires a copy of any written instrument or document upon which a claim or defense is based be attached as an exhibit to the Complaint. Furthermore, Plaintiff did not comply with ARCP 36, which states that copies of documents shall be served with the request for admission unless they have been or are otherwise furnished or made available for inspection or copying. Without waiving said objections, the Defendant admits that he never notified Cavalry SPV I, LLC., in writing, of any dispute in regard to any account and/or to any account balance in any amount.

**REQUEST FOR ADMISSION NO. 6:**   Admit that the Defendant never notified Plaintiff or the original creditor in writing of any complaints or requests to stop credit on this account.

**RESPONSE TO ADMISSION NO. 6:**   Objection as to "original creditor" and "this account," as being vague, overly broad, and assuming facts not in evidence of an "original creditor" or an "account," as the Plaintiff has failed to comply with the mandatory pleading requirements of ARCP 10(b) that requires a copy of any written instrument or document upon which a claim or defense is based be attached as an exhibit to the Complaint. Furthermore, Plaintiff did not comply with ARCP 36, which states that copies of documents shall be served with the request for admission unless they have been or are otherwise furnished or made available for inspection or copying. Defendant further objects to the admission as assuming a fact not in evidence of there ever being credit granted for which the Defendant could have notified the Plaintiff to stop such


EXHIBIT 3

extension of credit. Without waiving said objections, the Defendant admits that he never notified

Cavalry SPV I, LLC., in writing, of any complaints in reference to any account and/or account

balance, nor did Plaintiff ever ask Cavalry SPV I, LLC., to "stop credit" as Defendant never had

any credit with Cavalry SPV I, LLC., to stop.

**REQUEST FOR ADMISSION NO. 7:**     Admit that Defendant has no documentation

indicating the balance of this account to be less than $1,376.43.

**RESPONSE TO ADMISSION NO. 7:**     Objection as to "this account," as being vague,

overly broad, and assuming facts not in evidence of an "account," as the Plaintiff has failed to

comply with the mandatory pleading requirements of ARCP 10(b) that requires a copy of any

written instrument or document upon which a claim or defense is based be attached as an exhibit

to the Complaint. Furthermore, Plaintiff did not comply with ARCP 36, which states that copies

of documents shall be served with the request for admission unless they have been or are otherwise

furnished or made available for inspection or copying.   Without waiving said objections, the

Defendant admits that he has no documentation for any account and/or any account balance with

Cavalry SPV I, LLC., or any other party, showing any account and/or balance less than $1,376.43.

**REQUEST FOR ADMISSION NO. 8:**     Admit that Defendant is indebted to Plaintiff

in the amount of $1,376.43.

**RESPONSE TO ADMISSION NO. 8:**     Denied.


EXHIBIT D4

Respectfully Submitted

Victoria Leigh (2011257)
Attorney for the Defendant
P.O. Box 21514
Little Rock, AR 72221
501-227-7627
501-227-7628 (fax)

## CERTIFICATE OF SERVICE

I, Victoria Leigh, do hereby certify that a copy of the above and foregoing response to request for admissions has been served on all attorneys of record as listed below, on this 2nd day of October, 2014.

Allen & Withrow                    *Via Fax: 501-707-1214*
Ms. Lori Withrow
Attorney at Law
12410 Cantrell Rd Suite 100
Little Rock, AR 72223

Victoria Leigh (2011257)



# ALLEN & WITHROW

Attorneys at Law
12410 Cantrell, Suite 100
Little Rock, Arkansas 72223
www.allenwithrow.com

Henry "Gus" Allen
Lori  E. Withrow
Colton Gregory
Gary J. Barrett: of counsel*
Byron Southern: of counsel

(501) 227-2000
Fax (501) 707-1214

Mailing Address
Post Office Box 17248
Little Rock, AR 72222
Toll Free 800-796-7940
*Licensed in Missouri

December 19, 2014

Victoria Leigh
P.O. Box 21514
Little Rock, AR 72221

> Re:   Cavalry SPV I, LLC v.Jeffrey C Akins
>        Case No. CWCV-14-436

Dear Jeffrey C Akins:

Pursuant to Ark. Code Ann. § 16-46-108, this letter is being sent to inform you that an affidavit for trial, sworn and subscribed by Eleen Krgemud of Cavalry SPV I, LLC, along with the other, relevant documents in this matter have been sent to the court for filing. If you would like a copy of the above-mentioned documents, either contact: 1) this office for copies to be made and sent to you for a fee, OR 2) the court.

Thank you in advance for your kind attention to this matter.

Sincerely,

Lori Withrow

Enclosures

S&A File No. 14-00939-0

EXHIBIT E

## IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS
## CONWAY DIVISION

CAVALRY SPV I, LLC                                                PLAINTIFF

V.                          CASE NO. CWCV-14-436

JEFFREY C AKINS                                                   DEFENDANT

### ORDER TO COMPEL

Upon Motion of Plaintiff, and the Court being well and sufficiently advised, IT IS CONSIDERED, ORDERED, and ADJUDGED that the Defendant serve upon the Plaintiff proper responses to the Requests for Admissions and Interrogatories, within fifteen (15) days of the date of this Order.

An attorney's fee is awarded to the Plaintiff in this matter in the amount of $ *100* ~.
PREMISES CONSIDERED, IT IS HEREBY SO ORDERED.

_____
JUDGE

Date: _____1/27/15_____

Approved as to Form:

_____
Lori Withrow (1998069) ext.106
Colton Gregory (2013181) ext.107
Gary J Barrett (2000071) ext.114
Attorney for Plaintiff
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

14-00939
otc.frm


EXHIBIT E

**YOU MUST NOTIFY US WHEN YOU
CHANGE YOUR ADDRESS**

We strive to keep accurate records for your
benefit and ours. The post office and others may
notify us of a change to your address. When you
change your address, you must notify us
promptly of your new address.

**WHAT LAW APPLIES**

This Agreement is made in Delaware and we
extend credit to you from Delaware. This
Agreement is governed by the laws of the State
of Delaware (without regard to its conflict of laws
principles) and by any applicable federal laws.

**THE PROVISIONS OF THIS AGREEMENT
ARE SEVERABLE**

If any provision of this Agreement is found to
be invalid, the remaining provisions will continue
to be effective.

**OUR RIGHTS CONTINUE**

Our failure or delay in exercising any of our
rights under this Agreement does not mean that
we are unable to exercise those rights later.

**UNAUTHORIZED USE OF YOUR CARD**

Please notify us immediately of the loss, theft,
or possible unauthorized use of your account at
1-800-789-6701.

**ARBITRATION AND LITIGATION**

This Arbitration and Litigation provision
applies to you unless you were given the
opportunity to reject the Arbitration and Litigation
provisions and you did so reject them in the
manner and timeframe required. If you did reject
effectively such a provision, you agreed that any
litigation brought by you against us regarding this
account or this Agreement shall be brought in a
court located in the State of Delaware.

 Any claim or dispute ("Claim") by either you or
us against the other, or against the employees,
agents or assigns of the other, arising from or
relating in any way to this Agreement or any prior
Agreement or your account (whether under a 

27



statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration and Litigation Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.

The arbitration shall be conducted by the National Arbitration Forum ("NAF"), under the Code of Procedure in effect at the time the Claim is filed. Rules and forms of the National Arbitration Forum may be obtained and Claims may be filed at any National Arbitration Forum office, www.arb-forum.com, or P.O. Box 50191, Minneapolis, Minnesota 55405, telephone 1-800-474-2371. If the NAF is unable or unwilling to act as arbitrator, we may substitute another nationally recognized, independent arbitration organization that uses a similar code of procedure. At your written request, we will advance any arbitration filing fee, administrative and hearing fees which you are required to pay to pursue a Claim in arbitration. The arbitrator will decide who will be ultimately responsible for paying those fees. In no event will you be required to reimburse us for any arbitration filing, administrative or hearing fees in an amount greater than what your court costs would have been if the Claim had been resolved in a state court with jurisdiction. Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction. The arbitrator shall follow existing substantive law to the extent consistent with the FAA and applicable statutes of limitations and shall honor any claims or privilege recognized by law. If any party requests, the arbitrator shall write an opinion containing the reasons for the award.

EXHIBIT G-2

No Claim submitted to arbitration is heard by a jury and no Claim may be brought as a class action or as a private attorney general. You do not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim. This Arbitration and Litigation Section applies to all Claims now in existence or that may arise in the future.

This Arbitration and Litigation Section shall survive the termination of your account with us as well as any voluntary payment of the debt in full by you, any bankruptcy by you or sale of the debt by us.

For the purposes of this Arbitration and Litigation Section, "we" and "us" means MBNA America Bank, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them. Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the account (including but not limited to credit bureaus, merchants that accept any credit device issued under the account, rewards or enrollment services, credit insurance companies, debt collectors and all of their officers, directors, employees and agents) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us.

If any part of this Arbitration and Litigation Section is found to be invalid or unenforceable under any law or statute consistent with the FAA, the remainder of this Arbitration and Litigation Section shall be enforceable without regard to such invalidity or unenforceability.

 THE RESULT OF THIS ARBITRATION AGREEMENT IS THAT, EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS. 



EXHIBIT H

## YOU MUST NOTIFY US WHEN YOU CHANGE YOUR ADDRESS

We strive to keep accurate records for your benefit and ours. The post office and others may notify us of a change to your address. When you change your address, you must notify us promptly of your new address.



## WHAT LAW APPLIES

This Agreement is made in Delaware and we extend credit to you from Delaware. This Agreement is governed by the laws of the State of Delaware (without regard to its conflict of laws principles) and by any applicable federal laws.

## THE PROVISIONS OF THIS AGREEMENT ARE SEVERABLE

If any provision of this Agreement is found to be invalid, the remaining provisions will continue to be effective.

## OUR RIGHTS CONTINUE

Our failure or delay in exercising any of our rights under this Agreement does not mean that we are unable to exercise those rights later.

## UNAUTHORIZED USE OF YOUR CARD

Please notify us immediately of the loss, theft, or possible unauthorized use of your account at 1-800-789-6701.

## ARBITRATION AND LITIGATION

This Arbitration and Litigation provision applies to you unless you were given the opportunity to reject the Arbitration and Litigation provisions and you did so reject them in the manner and timeframe required. If you did reject effectively such a provision, you agreed that any litigation brought by you against us regarding this account or this Agreement shall be brought in a court located in the State of Delaware.

Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a

27



EXHIBIT

# IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS

CAVALRY SPV I, LLC                                                    PLAINTIFF

V.                              CASE NO. CWCV-14-436

JEFFREY C AKINS                                                      DEFENDANT

## RESPONSE TO ANSWER

Comes now the Plaintiff, by and through counsel, and for its Response to Answer, states:

1.      Plaintiff generally and specifically denies each and every allegation contained in the Defendant's Answer unless specifically admitted herein.

2.      Plaintiff specifically and generally denies the allegation in the Defendant's Answer that the debt is out of statute of limitations.  Case law is clear on the statute of limitations for debt arising from credit card debt.  Debt which arises from credit card debt is subject to a five-year statute of limitations. *In re Pettingill*, 403 B.R. 624 (E.D. Ark. 2009).  Specifically Plaintiff states that Defendant's last payment on the account was on February 16, 2011, which is clearly within the statute of limitations.

WHEREFORE, Plaintiff prays that the Court deny the relief sought in Defendant's Answer, grant reasonable attorney's fees in having to respond to the Defendant's Answer and award the Plaintiff all other just and proper relief.

That pursuant to Ark. R. Civ. P. 78, Plaintiff waives its right to a hearing on this Motion and requests the Court rule on the pleadings once the time for response has passed.


EXHIBIT